UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN RIOS,

                                        Plaintiff,

                    v.                                                    9:21-CV-0883
                                                                         (GLS/TWD)

A. ANDOLA,

                                        Defendant.
_____

APPEARANCES:

KEVIN RIOS
Plaintiff, pro se
09-A-5605
Attica Correctional Facility
Box 149
Attica, NY 14011

GARY L. SHARPE
Senior United States District Judge

## MEMORANDUM-DECISION AND ORDER

## I.   INTRODUCTION

In August 2021, plaintiff Kevin Rios commenced this action by submitting a pro se civil

rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").  The

Complaint contained allegations of wrongdoing that occurred, if at all, while Plaintiff was in

the custody of the New York State Department of Corrections and Community Supervision

(DOCCS) at Eastern Correctional Facility ("Eastern C.F.").  *See generally* Compl.  In the

Complaint, Plaintiff asserted Eighth Amendment deliberate medical indifference claims

related to an injury sustained in December 2020.  *See id.*  Plaintiff did not pay the statutory

1

filing fee and sought leave to proceed in forma pauperis (IFP).

In a Decision and Order filed on August 18, 2021 (the "August Order"), the Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). Dkt. No. 4. The Court dismissed the Eighth Amendment claims against defendant Dr. A. Andola, without prejudice, because Plaintiff failed to plead that Dr. Andola acted with the necessary culpable conduct or ignored a specific medical need. *Id*. at 9. In light of his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint. *Id*. at 11.

Presently before the Court for review is Plaintiff's amended complaint. Dkt. No. 6 ("Am. Compl.").

## II.   REVIEW OF AMENDED COMPLAINT

### A.   Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) was discussed at length in the August Order and will not be restated in this Decision and Order. *See* Dkt. No. 4 at 2-4.

### B. Summary of Amended Complaint[1]

On December 2, 2020[2] at approximately 7:15 A.M., Plaintiff was involved in an "incident" resulting in injuries to his left middle finger and hand. Am. Compl. at 5. "Upon

---

[1] The amended complaint includes exhibits. Am. Compl. at 9-15. The documents are the same exhibits previously provided with the complaint. To the extent that the exhibits are relevant to the incidents described in the amended complaint, the Court will consider the amended complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

[2] As discussed in the August Order, the pleading and the exhibits contain different dates with respect to the December 2020 incident. Based upon the exhibits, the Court assumes that the incident occurred on December 2, 2020. *See* Am. Compl. at 10, 13.

being examined at Eastern Hospital," Plaintiff was seen by Dr. Andola for complaints related to his finger.[3]  *Id*.  Plaintiff complained of "horrible pain in [his] middle finger" and asserts, "[i]t was obvious that my finger was crooked[.]"  *Id*. at 7.  Plaintiff alleges that Dr. Andola "never took time [to] exam [sic] or x-ray" his finger.  Am. Compl. at 5.  Rather, Dr. Andola told him "not to worry" and provided pain killers.  *Id*.

Plaintiff returned to his cell and noticed he could not "grab anything with [his] hand[.]" Am. Compl. at 5.  Plaintiff signed up for sick call and continued to complain.  *Id*.  Forty-nine days after the incident, Plaintiff underwent x-rays, which revealed a fracture, and was "sent to a hand specialist" for treatment.  *Id*.  The specialist provided Plaintiff with a splint and told him the fracture "was old" and had not "settled proper[ly]."  *Id*.  The specialist also "informed" Plaintiff that he would need physical therapy, which Dr. Andola failed to provide.  Am. Compl. at 7.

Construing the Amended Complaint liberally, Plaintiff asserts Eighth Amendment claims against Dr. Andola.  *See generally* Am. Compl.  Plaintiff seeks monetary damages. *See id.* at 6.

## III.  ANALYSIS

The law related to Eighth Amendment deliberate medical indifference claims was discussed in the August Order and will not be restated herein.  *See* Dkt. No. 4 at 6-10.

In the August Order, the Court held that, even assuming that Plaintiff suffered from a serious medical need, the Complaint lacks allegations that would permit the Court to infer

---

[3]  In the original Complaint, Plaintiff alleged that he was "sent to a[n] outside Hospital for stitches" and that, [a]fter [he] return[ed] back to Eastern Facility Hospital[,]" he "again complain[ed] about [his] finger[.]" Compl. at 5.  The Amended Complaint lacks any facts related to treatment at an outside hospital.

that Dr. Andola acted with the necessary culpable conduct or ignored Plaintiff's medical

needs.  Dkt. No. 4 at 9.  The Court reasoned:

> Plaintiff concedes that he received stitches for his injuries at an outside hospital, saw Dr. Andola when he returned from the hospital, and that Dr. Andola provided "pain killers." *See id.*  At most, such allegations suggest a dissatisfaction with a course of treatment, which is insufficient to satisfy the subjective element of an Eighth Amendment claim.

Dkt. No. 4 at 9 (citations omitted).  The Court also noted, "while Plaintiff alleges he 'signed up

for sick call and continue[d] to complain,' he does not allege facts suggesting that he

complained to Dr. Andola or that Dr. Andola ignored his sick call requests and complaints."

*Id*.

Regarding the forty-nine day delay in receiving x-rays, the Court concluded:

> the facts do not plausibly suggest that Plaintiff suffered any "fast-degenerating" or "life threatening" injury as a result of any delay in treatment or that Dr. Andola intentionally delayed treatment to punish Plaintiff. The forty-nine day delay between the date of the injury and treatment with a hand specialist, which included x-rays, is not, without more, "egregious."

Dkt. No. 4 at 10 (citations omitted).

In the amended complaint, Plaintiff alleges the same facts with slight modifications.

As discussed above, Plaintiff amended his statement of facts and omitted any reference to

receiving stitches at an outside hospital.  *Compare* Am. Compl. at 5, *with* Compl. at 5.

Construing the pleading liberally, Plaintiff now asserts that, at an unspecified date and time,

he "complained about horrible pain" to Dr. Andola and presented with an "obvious crooked

finger."  Am. Compl. at 5, 7.  Plaintiff contends that Dr. Andola "ignored" his suffering, told

him "not to worry," provided pain killers and waited forty-nine days to send him to a specialist.

*Id*.  Despite Plaintiff's revised version of events, the pleading fails to suggest that Dr. Andola

4

acted with deliberate indifference.  Indeed, Plaintiff's medical needs were not ignored. Plaintiff admits he was "examined at Eastern Hospital" after the incident.  Am. Compl. at 5. Plaintiff also concedes that he was seen by Dr. Andola and received pain killers.  *Id*.  On January 21, 2021, Plaintiff's hand was x-rayed and he was treated by a hand specialist.  *Id*. at 5, 7.

Plaintiff does not allege that, as a result of the forty-nine day delay, his condition degenerated or that the delay resulted in "life threatening" injuries.  Moreover, the facts do not suggest that Dr. Andola delayed treatment to punish Plaintiff.  While Plaintiff states that he signed up for sick call and continued to complain, he does not allege that his complaints were ignored or that he was denied treatment by Dr. Andola or any other Eastern C.F. staff member.

In the amended complaint, Plaintiff also asserts a new allegation; to wit, that Dr. Andola was deliberately indifferent because she refused to prescribe physical therapy, as recommended by the hand specialist.  *See* Am. Compl. at 7.  However, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim" so long as the treatment was adequate.  *Tatta v. Wright*, 616 F.Supp.2d 308, 318 (N.D.N.Y. 2007) (citing *McKenna v. Wright*, No. Civ. 01-6571, 2002 WL 338375, at *8 (S.D.N.Y. Mar. 4, 2002) ("[C]ourts have repeatedly held that dispute between two doctors as to the proper course of medical treatment will not give rise to an Eighth Amendment violation.") (citations and internal quotations omitted)).  Plaintiff's conclusory claim that Dr. Andola failed to prescribe physical therapy in accordance with the specialist's recommendation, without more, does not establish an Eighth Amendment violation.  Even

assuming the truth of Plaintiff's allegations, the decision not to treat Plaintiff's broken finger with physical therapy is at most "a difference in opinion as to [plaintiff's] medical treatment rather than any deliberate indifference to his medical needs." *Goris v. Breslin*, No. 04-CV-5666, 2010 WL 376626, at *8 (E.D.N.Y. Jan. 26, 2010), *aff'd*, 402 F. App'x 582 (2d Cir. 2010); *see Douglas v. Stanwick*, 93 F. Supp.2d 320, 325 (W.D.N.Y. 2000) ("Not every physician will treat every ailment in exactly the same manner.  That does not mean that one of the physicians must be acting with deliberate indifference to the patient's needs.").

Accordingly, for the reasons set forth herein and in the August Order, Plaintiff's Eighth Amendment deliberate medical indifference claims against Dr. Andola are dismissed pursuant to §§ 1915(e)(2)(B) and 1915A(b).

## IV.    LEAVE TO AMEND TO CURE DEFICIENCIES

Ordinarily, a court should not dismiss a Complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991).  An opportunity to amend is not required, however, where "[t]he problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at

*1 (N.D.N.Y. Sept. 22, 1997).

In this instance, Plaintiff has already been provided one opportunity to amend his complaint. The deficiencies with his original complaint, identified by the court in its decision, have not been cured with the amended complaint. Accordingly, the Court finds that any further amendment would be futile.

## V.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 6) is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the amended complaint (Dkt. No. 6) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

October 19, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

7